IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BENNY WILSON,
#S11755,

        **Plaintiff,**

v.

ROB JEFFREY'S,
TRAVIS BAYLER,
DAVID MITCHELL,
CHALENE HALE,
DIANE SKORCH,
SHAYNE MERCIER,
SERGENT WATERS, and
SERGENT JOHNSON,

        **Defendants.**

Case No. 21-cv-00716-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Benny Wilson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Pinckneyville Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Wilson claims that while housed at Pinckneyville Correctional Center he was subjected to excessive force when he was slammed to the ground and denied immediate medical care for his sustained injuries. Wilson seeks monetary damages and injunctive relief.

The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of a pro se complaint are to be liberally construed. *Rodriguez v.*

*Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Wilson alleges the following: On April 28, 2019, he was involved in a minor altercation with his cellmate in front of the prison's dining hall. (Doc. 1, p. 18). In response to the altercation, Wilson was pepper-sprayed by Sergeant Johnson and handcuffed by Sergeant Waters. He was then taken to the health care unit. Upon arrival to the health care unit, Sergeant Waters slammed Wilson to the floor "without provocation" but claimed that Wilson was resisting. (*Id.*). The on-duty nurse then attended to the injury Wilson sustained from being slammed to the floor. He was bleeding from his mouth and gums so in response, the on-duty nurse and another nurse in the unit conversed and decided to give Wilson Tylenol. He was returned to his cell. (*Id.*).

Later that evening Wilson discovered that his gums were disconnected from his jaw and that his face was swollen. He explained to the nurse delivering nighttime medication to inmates what had happened, and she told him to put in a sick-call request. He did so immediately. (Doc. 1, p. 18).

On April 30, 2018, Wilson was seen by the prison dentist and after explaining what occurred, the dentist said that he "should not have been able to leave the health care unit with such an injury." (Doc. 1, p. 18). Wilson was then given an x-ray but the extent of his injuries could not be determined so he was sent to an outside doctor. This doctor also gave Wilson an x-ray, and the doctor informed Wilson that his chin was broken. On May 8, 2018, Wilson had his first surgery related to the injury which resulted in screws and plates being placed into his mouth, as well as his mouth being wired shut for two months. (*Id.* at p. 19).

Due to the surgery, Wilson lost several teeth and in June of 2019, he had his second operation. This operation took place because his teeth and jaw had become infected so the plates in his mouth and chin were removed. In July of 2019, he had his third operation related to the

initial injury in which the screws and replacement plates were removed due to another infection. (Doc. 1, p. 19). Subsequently thereafter, Wilson filed several timely grievances about how Sergeant Waters was responsible for breaking his chin and jaw but was "given the run-around," specifically from grievance officers ("correctional counselors"). These grievance officers "conspired" against Wilson to stop complaining to higher authorities about being beaten and then being refused immediate medical care. (*Id.* at p. 19).

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following counts:

> **Count 1:** Eighth Amendment claim against Sergeant Waters and Sergeant Johnson for the use of excessive physical force.
>
> **Count 2:** Eighth Amendment claim against Rob Jeffreys, Travis Bayler, David Mitchell, Chalene Hale, Diane Skorch, and Shayne Mercier for deliberate indifference to Wilson's serious medical needs.
>
> **Count 3:** Eighth Amendment deliberate indifference claim against Sergeant Waters and Sergeant Johnson for denying Wilson adequate treatment for his broken jaw and related medical issues.
>
> **Count 4:** Conspiracy claim against grievance officers.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the Twombly pleading standard.**

## Count 1

Wilson's claim against Sergeant Waters for the use of excessive force on April 28, 2019, survives preliminary review. *See DeWalt v. Carter,* 224 F.3d 607, 619 (7th Cir. 2000). Count 1 will proceed as to Waters.

Count 1 is dismissed as to Sergeant Johnson. Within the statement of claim, it is stated that "...Correctional officer Sergents Waters and Johnson used excessive physical force against him, breaking his chin, without any provocation…" (Doc. 1, p. 17). Although, Wilson exclusively names Sergeant Waters as the individual who slammed him onto the floor in his retelling of the events. (*Id.* at p. 18). Wilson does not allege that Sergeant Johnson was involved in the use of excessive force that occurred at the health care unit. Neither has he stated a claim based on the use of pepper spray by Sergeant Johnson. There are no facts suggesting that the pepper spray was not utilized as part of a good faith effort to maintain or restore discipline in response to the fight . *See Wilkins v. Gaddy,* 559 U.S. 34, 40 (2010); *Thomas v. Walton,* 461 F. Supp. 2d 786, 791 (S.D. Ill. Sept. 2006). Thus, Count 1 is dismissed without prejudice as to Sergeant Johnson.

**Count 2**

Claims for deliberate indifference have an objective and a subjective component. To survive preliminary review, Wilson must allege that he suffered from an objectively, sufficiently serious medical condition. *Cesal v. Moats,* 851 F.3d 714, 721 (7th Cir. 2017). He must also plead that the defendants actually knew of, but disregarded, a substantial risk to his health. *Cesal,* 851 F.3d at 721.

Wilson has adequately pled that he has sustained an objectively serious medical injury, a broken jaw, but he has not sufficiently alleged that Travis Bayler, Chalene Hale, Diane Skorch, Shayne Mercier, Rob Jeffreys, and David Mitchell acted with deliberate indifference toward his medical needs. Federal Rules of Civil Procedure 8(a)(2) requires "a plain and short statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Wilson has not alleged any facts to substantiate his claim beyond a mere conclusory statement that the defendants acted with

Page 4 of 8

deliberate indifference to his  medical needs.  The Court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 581 (7th Cir, 2009). As a result, Count 2 is dismissed without prejudice.

**Count 3**

Wilson has failed to state a claim against Sergeant Waters and Sergeant Johnson for preventing access to medical care. Wilson states that "Sergeant Waters and Johnson had prevented plaintiff from receiving said medical care" (Doc. 1. p. 17), but fails to allege any concrete facts indicating action by either individual to prevent or prohibit medical treatment.  As stated in Count 2,  conclusory legal statements are not sufficient to state a claim. *See Brooks,* 578 F. at 581; FED. R. CIV. P. 8. Thus, Count 3 is dismissed without prejudice as to Sergeant Waters and Sergeant Johnson.

**Count 4**

Allegations of a conspiracy are held to a higher pleading standard than other allegations. *Geinosky v. City of Chi.*, 675 F.3d 743, 749 (7th Cir. 2012). In order to state a civil conspiracy claim, "the plaintiff must [plead facts sufficient to] show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015).

Wilson alleges that "grievance officers (which are also called "correctional counselors"), gave me the run around and conspired to get me to stop complaining to higher authority…" (Doc. 1, p. 19). This statement is not sufficient to plead a conspiracy claim.

First, it is not clear against whom this claim is asserted. Wilson describes Defendants Mercier and Hale as correctional counselors and Skorch as a grievance office coordinator when listing the names of Defendants, but he fails to name them in association with his claim that he was being intentionally prevented from grieving. As discussed above, Rule 8 requires a plaintiff

to adequately put a defendant on notice of the claims alleged against him or her. Second, Wilson does not have a constitutional right to a grievance process. *Owens v. Hinsley,* 635 F. 3d 950, 953-54 (7th Cir. 2011). Thus, actions taken to keep him from filing grievances do not deprive him of a constitutional right. Finally, identifying a bare legal theory of conspiracy without any supporting factual allegations is insufficient to state a claim for relief. *Twombly*, 550 U.S. at 570. For these reasons, Count 5 is dismissed without prejudice.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Sergeant Waters but is **DISMISSED without prejudice** as to Sergeant Johnson. **COUNTS 2, 3, and 4 are  DISMISSED without prejudice.** Because Wilson requests injunctive relief, Warden David Mitchell will remain a defendant in his official capacity only and shall be responsible for carrying out any injunctive relief that is ordered in this case. As there are no surviving claims against Sergeant Johnson, Rob Jeffreys, Travis Bayler, Chalene Hale, Diane Skorch, and Shayne Mercier they are **DISMISSED without prejudice**, and the Clerk of Court is **DIRECTED** to **TERMINATE** them as defendants.

Because Wilson's claims involve injuries sustained due to the use of excessive force, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court shall prepare for **Sergeant Waters** and **David Mitchell** (official capacity only) the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is directed to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate

steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Wilson, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to file an appropriate responsive pleading to the First Amended Complaint in a timely manner and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants only need to respond to the issues stated in this Merit Review Order.**

If judgment is rendered against Wilson and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, even though his application to proceed in forma pauperis was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Wilson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 24, 2022**

*s/ Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.