IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENNY WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   21-cv-716-RJD |
| ) | |
| DAVID MITCHELL and SGT. WATERS, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Benny Wilson, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). More specifically, Plaintiff alleges Sgt. Waters used excessive force against him on April 28, 2019, after Waters had responded to a minor altercation between Plaintiff and another inmate. Plaintiff further alleges he suffered serious injuries related to Waters' excessive force and was not provided adequate medical care.

Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1983 and he proceeds on the following claims:

> Count One:   Eighth Amendment claim against Sgt. Waters for the use of excessive physical force.

Warden David Mitchell was named as a defendant only in his official capacity for the purpose of carrying out any ordered injunctive relief.

This matter is now before the Court on Defendant Mitchell's Motion to Dismiss Official

Capacity Claim (Doc. 40) and Motion to Stay Discovery Directed at Defendant Mitchell (Doc. 46), and Plaintiff's Motion Asking Permission to Amend Complaint (Doc. 41).

First, the Court considers Plaintiff's Motion to Amend the Complaint.  Plaintiff explains he missed the deadline to seek leave to file an amended complaint because he was in quarantine without paperwork for two weeks.   As such, Plaintiff asks for permission to amend his complaint. The deadline for seeking leave to file an amended complaint was December 21, 2022.   While the Court considers this deadline in addressing motions to amend the complaint, it also considers whether there is good cause and/or excusable neglect to warrant late filings.   Motions to amend must also state the reasons for the amendment and include a proposed amended complaint for review.  *See* SDIL-LR 15.1.   In this instance, Plaintiff has not provided any indication as to his proposed amendments.   Thus, while the Court may consider a request by Plaintiff to file a motion to amend his complaint, there is no relief the Court will grant based on the motion before it. Plaintiff's Motion Asking Permission to Amend Complaint (Doc. 41) is **DENIED**.   Plaintiff, however, may seek leave to amend his complaint at any time.   Plaintiff is **ADVISED**, however, that the Court will consider that the deadline has passed.   As such, any motion for leave to amend should state with particularity good cause for allowing an untimely motion.

In his complaint, Plaintiff requested that he be granted an "injunction against the prison sergents [sic] responsible for the brutal beating of the plaintiff to assure that it will not happen again and that they cannot retaliate against him."   (Doc. 1 at 20).   Because Plaintiff requested injunctive relief, the Court ordered that Pinckneyville Warden David Mitchell be added as a defendant to carry out any injunctive relief.   On March 28, 2023, Plaintiff filed a Notice of Change of Address indicating he was transferred from Pinckneyville to Western Illinois Correctional Center ("Western Illinois") (Doc. 39).   Based on a review of the docket, it appears Plaintiff

remains incarcerated at Western Illinois. Defendant Mitchell asks that he be dismissed as a defendant in light of Plaintiff's transfer to another facility. It is well established that when a prisoner is transferred or released from IDOC custody his claims for injunctive relief are moot. *See Easterling v. Pollard*, 528 F.App'x 653, 656 (7th Cir. 2013) (citing *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011)); *see also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Said relief is moot unless the prisoner "can demonstrate that he is likely to be retransferred." *Higgason*, 83 F.3d at 811 (citation omitted); *see also Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011). Here, there is no evidence that Plaintiff is likely to be transferred back to Pinckneyville. Accordingly, Defendant Mitchell's Motion to Dismiss (Doc. 40) is **GRANTED**, Plaintiff's request for injunctive relief is **MOOT**, and Defendant Warden Mitchell is **DISMISSED**. In light of this Order, any discovery directed to Warden Mitchell is also **MOOT**, as is Defendant Mitchell's Motion to Stay Discovery (Doc. 46).

**IT IS SO ORDERED.**

**DATED: July 6, 2023**

*s/  Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**